# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| HUGH EARLE | : | DOCKET NO. 2:05-cv-1614 Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| MR. COPES, WARDEN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a "Petition for th Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3) & an Emergency Stay of Deportation" filed on behalf of petitioner, Hugh Earle. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

On May 25, 2005, an immigration judge in Newark, New Jersey ordered petitioner removed from the United States. It does not appear as if petitioner filed an appeal of this decision to the Board of Immigration Appeals.[1] Petitioner now claims that he is a national of the United States and as such is not deportable. He states that he has filed a motion to reopen his removal proceedings in order to raise this issue and that he has also filed a timely appeal of his underlying criminal conviction with the United States District Court for the Eastern District of New York. Based upon these legal proceedings, the petitioner requests that this court grant him a stay of removal and order that he be transferred back to his previous geographical area.

---

[1] These facts are not presented in the petition, but they were verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A19407023).

To the extent that petitioner seeks a stay of his removal order, this court lacks jurisdiction to grant such relief. Title 8 U.S.C. §1252(g) deprives federal courts of jurisdiction to entertain claims directed towards the "commencement of proceedings," the "adjudication of cases," or the "execution of a removal order." *Reno v. American-Arab Anti-Discrimination Committee,* 119 S.Ct. 936 (1999); *Alvidres-Reyes v. Reno,* 180 F.3d 199 (5th Cir. 1999); *Sharif v. Ashcroft,* 280 F.3d 786 (7th Cir. 2002). Petitioner's request for a stay is directed at the Attorney General's decision to execute petitioner's removal order. *Sharif, supra* at 787; *Idokogi v. Ashcroft*, 66 Fed.Appx. 526 (5th Cir. 2003).[2]

Likewise, this court lacks jurisdiction to order that petitioner be returned to his previous geographical locations. Decisions regarding the place of confinement for aliens subject to removal orders are within the discretion of the Attorney General and not subject to judicial review. 8 U.S.C. §1231(g)(1); 8 U.S.C. § 1252(a)(2)(B)(ii);*Avramenkov v. I.N.S.,* 99 F.Supp.2d 210, 213 (D.Conn.2000), *citing Van Dinh v. Reno,* 197 F.3d 427, 433 (10th Cir.1999); *Rady v. Ashcroft,* 193 F.Supp.2d 454, 457 (D.Conn.,2002);*Sinal v. Immigration & Naturalization Service*, 2003 WL 23198122 (D. Conn. 2003). Further, the transfer of a detained alien from one state to another does not raise any constitutional concerns even if representation of the alien may be less convenient. *Rady, supra.*; Immigration Law Service 2d § 13:121 (2005); 3A CJS *Aliens* § 1320 (2005).

For these reasons,

IT IS RECOMMENDED that this "Petition for th Issuance of a Writ of Habeas Corpus

---

[2]Petitioner can request a stay of removal in conjunction with his motion to reopen which he states he has filed in his immigration proceedings. While the filing of a motion to reopen before either the immigration court or the BIA does not automatically stay the execution of any decision made in the case, the immigration judge and the BIA have authority to stay the removal of an alien pending resolution of the motion to reopen. 8 CFR §§ 1003.2(f); 1003.23(b)(1)(v).

Pursuant to 28 U.S.C. § 2241(c)(3) & an Emergency Stay of Deportation" be DENIED and DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of November, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE